# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MATTHEW RAYMOND OLSSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 15-4217-CV-C-FJG |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Currently pending before the Court is Olsson's Amended Motion to Vacate, Set Aside or Correct His Sentence (Do. # 6); United States' Motion to Lift Stay and Deny Pending §2255 Motion on the Merits (Doc. # 16) and Olsson's Motion for Leave to File Second Amended §2255 Motion (Doc. # 19).

### I. BACKGROUND

Olsson was charged in a superseding indictment with one count of conspiracy to distribute and possess with intent to distribute cocaine, and one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). Olsson proceeded to trial and was convicted on September 29, 2011. A presentence investigation report ("PSR") was prepared which recommended that Olsson be found to be a career offender under U.S.S.G. § 4B1.1(a). The PSR found that Olsson had prior convictions for burglary, promoting child pornography and possession with intent to distribute a controlled substance. Olsson objected to application of the career offender designation, but these objections were overruled at sentencing. The Guideline range

was 360 months to life imprisonment. However, the court varied downward and imposed a sentence of 180 months on each count, to run concurrently.

Olsson appealed and raised two issues: 1) the district court improperly limited his cross-examination of a government witness and 2) the Court erred in finding that his prior convictions qualify as crimes of violence for sentencing purposes. On April 26, 2013, the Eighth Circuit affirmed Olsson's conviction and sentence. Olsson was unsuccessful in seeking rehearing, but the United States Supreme Court granted his petition for certiorari, vacated his judgment and remanded the case to the Eighth Circuit in light of the recent decision in <u>Descamps v. United States</u>, 133 S. Ct. 2276, 186 L.Ed.2d 438 (2013). After applying <u>Descamps</u>, the Eighth Circuit found that Olsson's prior conviction for second degree burglary qualified as a "crime of violence" under the categorical approach and again affirmed his sentence and conviction. Olsson again sought rehearing and certiorari relief in the Court of Appeals and the Supreme Court. On October 6, 2014, the Supreme Court denied Olsson's petition for certiorari relief. On October 6, 2015, Olsson filed his initial §2255 Motion to Vacate, Set Aside or Correct His Sentence. On November 6, 2015, Olsson filed his first Amended §2255 Motion, asserting that the claims raised in the Amended Motion relate back to the claims raised in the previous §2255 and so were timely raised. On September 13, 2016, Olsson filed a Motion to Stay Proceedings pending the Supreme Court's decision in <u>Beckles v. United States</u>, No. 15-8544. The Government agreed that a stay should be granted as the <u>Beckles</u> decision would definitively resolve one of the issues presented by Olsson. The Court granted the motion and stayed this action until April 19, 2017. After the Supreme Court issued the <u>Beckles</u> decision, the Government moved to lift the stay and

deny the pending §2255 motion on the merits. Olsson then filed a Motion for Leave to file a Second Amended §2255 motion.

## II. STANDARD

Under 28 U.S.C. § 2255, a movant may collaterally attack his sentence on four grounds: "(1) 'that the sentence was imposed in violation of the Constitution or laws of the United States,' (2) 'that the court was without jurisdiction to impose such sentence,' (3) 'that the sentence was in excess of the maximum authorized by law,' and (4) that the sentence 'is otherwise subject to collateral attack.'" Hill v. United States, 368 U.S. 424, 426-27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (quoting 28 U.S.C.§ 2255).

Our analysis of the ineffectiveness claims is governed by Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to succeed on an ineffectiveness claim, Patterson must show "both deficient performance by counsel and prejudice." Id. at 687-88. In Johnson v. U.S., 860 F.Supp.2d 663 (N.D.Iowa 2012), the Court stated:

> To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." [Strickland], 466 U.S. at 688, 104 S.Ct. 2052. . . . The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687, 104 S.Ct. 2052. Harrington v. Richter, 562 U.S. 86, 104, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011); Premo v. Moore, 562 U.S. 115, 121-122, 131 S.Ct. 733, 739, 178 L.Ed.2d 649 (2011) (quoting Richter). Also, the court " 'must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." ' " King [v. United States,595 F.3d 844,] 852–53 (quoting Ruff v. Armontrout, 77 F.3d 265, 268 (8th Cir.1996), in turn quoting Strickland, 466 U.S. at 690, 104 S.Ct. 2052). There are two substantial impediments to making the required showing of deficient performance. First, " '[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.' " United States v. Rice, 449 F.3d 887, 897 (8th Cir.2006) (quoting Strickland, 466 U.S. at 690, 104 S.Ct.

3

> 2052). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " Id. (quoting Strickland, 466 U.S. at 689, 104 S.Ct. 2052); Davis v. Norris, 423 F.3d 868, 877 (8th Cir.2005) ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance.")

Id. at 741. In United States v. Orr, 636 F.3d 944 (8th Cir.) cert. denied, 565 U.S. 1063 (2011), the Court stated, "strategic choices made after a thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after a less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id. at 952 (quoting Strickland, 466 U.S. at 690-91, 104 S.Ct. 2052).

## III. DISCUSSION

### A. Motion for Leave to File Second Amended §2255

Olsson seeks leave to file a Second Amended §2255 motion in order to raise the argument that Missouri's Second Degree Burglary statute does not qualify as a predicate offense under the modified categorical approach. Olsson argues that he was wrongly found to be a career offender because the Missouri second degree burglary statute is not the same as generic burglary. Olsson states that although the one year limitation for filing a §2255 motion has passed, the new ground set out in the amended petition relates back to the first ground because its relates to the same set of facts and argues that the second degree burglary conviction is not a predicate offense for purposes of the career offender guidelines. Olsson states that petitions for habeas corpus may be amended or supplemented as provided in the rules of procedure applicable to civil actions. 28 U.S.C. § 2242. Fed.R.Civ.P. 15 provides that leave to amend "shall be freely given when justice so requires." "Rule 15(c)(2) . . .provides that

4

pleading amendments relate back to the date of the original pleading when the claim asserted in the amended plea 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.'" Mayle v. Felix, 545 U.S. 644, 656, 125 S.Ct. 2562, 162 L.Ed.2d 582 (2005). "So long as the original and amended petitions state claims that are tied to a common core of operative facts, relation back will be in order." Id. at 664. Olsson states that because the new claim relates back to his first amended petition, justice would be served by allowing him to amend his motion. The Court agrees and finds that because the argument relates to the claims originally raised in the first amended §2255, the Court will **GRANT** Olsson's Motion for Leave to File a Second Amended §2255 (Doc. # 19). As the Government has already responded to the additional claim raised in the Second Amended §2255 Motion and Olsson has filed reply suggestions, briefing on the Second Amended Motion is complete and the Court will consider Doc. # 19- Ex.1, (Second Amended Motion Under §2255), as properly filed and will rule on all of the grounds raised in the Second Amended Motion in this Order. The claims discussed below are in the order as presented in the Second Amended §2255 Motion.

### B. Ground One – Olsson's Sentence Was Imposed in Violation of the Constitution or Laws of the United States Because This Court Erroneously Sentenced Him Under the Career Offender Guideline's Residual Clause.

In his Second Amended §2255 Motion, Olsson notes that this claim was the subject of the Court's stay pending the outcome of the Beckles decision. As the Supreme Court has now decided that the Sentencing Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause like the ACCA's residual clause was in Johnson v. United States, 135 S.Ct. 2551,192 L.Ed.2d 569 (2015), there is no merit to

5

this claim. Whittington v. United States, No. 4:16-CV-00171-DGK, 2017 WL 2274487, *2 (W.D.Mo. May 24, 2017). Accordingly, Olsson's Motion for Relief pursuant to Ground One is hereby **DENIED**.

**C. Ground Two - Olsson's Sentence Was Imposed in Violation of the Constitution or Laws of the United States Because This Court Erroneously Sentenced Him Under the Career Offender Guidelines Finding That The Missouri Second Degree Burglary Statute Was the Same as Generic Burglary.**

Olsson states that this ground for relief was not previously raised and is brought as an alternative to Ground One. Olsson argues that at sentencing, the government argued that second degree burglary was the same as the enumerated offense of generic burglary under the U.S. Supreme Court law. The court found that it had no discretion under the Circuit's case law and found that second degree burglary was a qualifying offense and sentenced Olsson as a career offender. Olsson argues that since the filing of his §2255 motion, the case law has undergone a dramatic shift and it can no longer be said that a conviction for second degree burglary is a conviction for a crime of violence. Thus, Olsson argues that since second degree burglary is not an enumerated offense, his sentence was imposed in violation of the Constitution or laws of the United States.

Olsson argues that after Mathis v. United States, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016) was decided, Missouri's second degree burglary statute could only qualify as a predicate offense under the modified categorical approach and several district courts have found that second degree burglary does not qualify under this approach. The cases which Olsson relies upon include: United States v. Bess, No. 4:15CR00021ERW, 2016 WL 6476539 (E.D. Mo. 2016); Henderson v. United States, 207 F.Supp.3d 1047

(W.D.Mo. Sept.16, 2016), United States v. Rockwell, 207 F.Supp.3d 915 (W.D.Ark. Sept. 14, 2016) and Johnson v. United States, No. 4:16-CV-00649-NKL, 2016 WL 6542860, *3 (W.D.Mo. Nov. 3, 2016). However, all of these cases were decided *before* the Eighth Circuit issued its decision in United States v. Sykes, No. 14-3139, 2017 WL 1314937 (8th Cir. Mar. 17, 2017). In that case, the Court considered whether movant's prior convictions for second-degree burglary were violent felonies under the ACCA. The Court in Sykes noted that not every offense defined as "burglary" by a State meets the federal definition. "A state burglary conviction qualifies as a violent felony under § 924(e) if the elements of the offense are no broader than 'generic burglary' as defined in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990): 'unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime.' Id. at 598." Id. at *1. The Missouri statute defines second-degree burglary as someone who "knowingly enters unlawfully or knowingly remains unlawfully in a building or inhabitable structure for the purpose of committing a crime therein." Mo.Rev.Stat. § 569.170 (2010). In Missouri, the term "inhabitable structure" is defined as a "ship, trailer, sleeping car, airplane, or other vehicle or structure." Id. § 569.010(2) (2010).

    In Sykes the Eighth Circuit held:

> [a]s a panel of this court recently explained, '[t]he question, then, is whether the alternative phrases in Missouri's burglary statute- 'building' and 'inhabitable structure' – are elements or means. . . .If the alternatives are *elements*, then the court can apply the 'modified categorical approach' and review pertinent judicial records in an effort to determine whether Sykes was convicted of a burglary of a 'building,' which would qualify as a violent felony, or burglary of an 'inhabitable structure,' which would not. But if the alternatives constitute separate *means* of committing a single crime, then the court must consider whether the offense as a whole categorically qualifies as a violent felony.

7

Id. at *1.

> To decide whether the alternatives in the Missouri burglary statute are means or elements requires a review of Missouri state court decisions, the statute on its face, and the records of the prior convictions. . . .Most of the time, the Supreme Court predicted, state law or the record will resolve the issue. But if none of those sources answers the question, we are told, then the court "will not be able to satisfy 'Taylor's demand for certainty' when determining whether a defendant was convicted of a generic offense." Mathis, 136 S.Ct. at 2257. In other words, while "indeterminacy should prove more the exception than the rule," Id., an inconclusive inquiry means that the prior convictions do not qualify, and the sentencing enhancement does not apply.

Id. at *2. In the decisions that have been handed down since that time, courts in the Eighth Circuit have found that burglary of a *building* conforms to the elements of generic burglary while burglary of an *inhabitable structure* does not conform to the generic definition of burglary. Slaughter v. United States, No. 4:16-CV-915-CAS, 2017 WL 1196483 (E.D.Mo. Mar. 31, 2017); Unverzagt v. United States, No. 16-3497-CV-S-ODS, 2017 WL 1435750 (W.D.Mo. Apr. 24, 2017)(Petitioner's second-degree burglaries were of buildings and thus conformed to the elements of generic burglary and remained violent felonies); Northern v. United States, No. 1:16CV00100ERW, 2017 WL 1498535 (E.D.Mo. Apr. 26, 2017)(Applying the modified categorical approach, Court found that petitioner's second-degree burglary conviction charged him with burglary of a building and thus his convictions qualify as violent felonies under the ACCA); Arender v. United States, No. 1:15-CV-00153-AGF, 2017 WL 1209371, *3 (E.D.Mo. Apr. 3, 2017)("In Sykes, the Eighth Circuit found that this statute is divisible as to location of the burglary because it 'contains at least two alternative elements: burglary of a building and burglary of an inhabitable structure,' and it is therefore appropriate to apply the modified categorical approach to determine which alternative element the past conviction fell

8

under."); Holman v. United States, No. 4:16CV838CDP, 2017 WL 2438821 (E.D.Mo. June 6, 2017)("In Sykes the Court held that the terms 'building' and 'inhabitable structure' were alternative elements of the crime and not simply alternative means of violating the statute – applying the distinction set out in Mathis v. United States, 136 S.Ct. 2243 (2016) – and so the Court should use the modified categorical approach to determine whether the crime in a particular case qualified as a violent felony.").

Although the above mentioned cases dealt with the issue of whether second-degree burglary qualifies as a violent felony under the ACCA, these cases are equally applicable to Olsson's case even though he was sentenced pursuant to the sentencing guidelines. Courts have recognized that "the definitions of 'crime of violence' under the Guidelines and 'violent felony' under § 924(e)(2)(B) of the ACCA are interchangeable." United States v. Taylor, No. 16-2542, 2017 WL 2543376, *2 (8th Cir. 2017); United States v. Williams, 537 F.3d 969, 971-72 (8th Cir. 2008)("explaining that the definition of 'crime of violence' under the Guidelines is identical to the definition of 'violent felony' under the ACCA"). In Olsson's case, the PSR stated that pursuant to U.S.S.G. § 4B1.1(a), Olsson was a career offender because he (1) was at least 18 years of age at the time of the offense; (2) the instant offense of conviction is a felony controlled substance offense; (3) the defendant has at least two prior felony convictions for crime of violence or controlled substance offenses. The prior offenses listed were: 1) second degree burglary in Callaway County, Missouri; 2) promoting child pornography in Boone County, Missouri and 3) possession with intent to distribute a controlled substance in Callaway County, Missouri. As to the burglary charge, the PSR stated, "[c]ourt records state that on or about December 16, 1995, Olsson knowingly remained unlawfully in a

9

*building*, located on Route JJ near Calwood and known as the Fairway Clubhouse, and owned by the Fairview Willing Workers Club for the purpose of committing property damage therein." (PSR, pp. 13-14)(emphasis added). Thus, because the court records show that Olsson was convicted of burglary of a building, under the modified categorical approach, this conviction is considered to be a violent felony. Accordingly, the Court finds that Olsson is not entitled to relief on Ground Two.

**D. Ground Three – Ineffective Assistance of Counsel – Failure to Call Witness**

Olsson states that he was denied effective assistance of counsel when his trial counsel failed to call Olsson's supervising state parole officer (Mary Groves) as a witness on his behalf. Olsson states that he informed his trial counsel of the identity of his supervising state parole officer and through reasonable investigation, his counsel could have located her and called her to testify. If counsel had called Ms. Groves, Olsson states that she would have testified that Olsson did not live at the Ponderosa address, but instead lived at 200 Sondra Avenue, Columbia, Missouri, that he was employed full time during the time period covering the conspiracy and that he was out of state during a period in August vising family with her knowledge. Olsson states that this would have been crucial to his defense, because his defense was that he did not live at the two story side-by-side duplex on Ponderosa Street and was not involved in the conspiracy with his co-defendants to distribute cocaine. The Government argues that none of the information that Ms. Groves would allegedly have testified to would have altered the outcome of his trial. The Government notes that at trial, it was established that even though Olsson denied living at the duplex, he admitted during a recorded phone conversation that he had lived with his co-defendant for a short period of time at

10

this address and he was partially undressed in the residence when the warrant was executed and various items of clothing and personal effects were located in an upstairs bedroom at the duplex. The Government argues that nothing in the testimony of Ms. Groves would have refuted any of the Government's evidence in any way. Thus, the Government argues that Olsson's trial counsel was not ineffective because the outcome of the trial would have been the same.

"The decision not to call a witness is a virtually unchallengeable decision of trial strategy." United States v. Staples, 410 F.3d 484, 488 (8th Cir.2005). A movant must make "a substantial showing that, but for counsel's failure to interview [or call] . . .the witness[ ] in question, there is a reasonable probability that the result of his trial would have been different." U.S. v. Vazquez-Garcia, 211 Fed.Appx. 544, 546 (8th Cir.), cert. denied, 552 U.S. 939 (2007). In that case, the Court found that the defendant had not provided any independent evidence, such as an affidavit, as to what the witness would have testified to. Similarly, in this case, Olsson alleges that Groves would have testified that he did not live at the Ponderosa address, that he was employed during the time period in question and that he traveled out of state to visit relatives. Even if the Court were to assume that Groves would have been available to testify and would have testified to his address, employment and travels, Olsson has not shown that there is a reasonable probability that the result of the trial would have been different. At trial it was established that Olsson denied living at the duplex, but he also admitted during a recorded conversation that he lived with his co-defendant for a short period of time, he was partially undressed in the residence when the warrant was executed and he had clothing and personal items in an upstairs bedroom at the Ponderosa residence. As the

Government notes, nothing in the potential testimony that Groves would have offered would have refuted the Government's evidence that Olsson was living at the duplex and was part of the conspiracy. Accordingly, the Court finds that Olsson has failed to show that he was prejudiced by counsel's failure to call Groves. Accordingly, the Court hereby **DENIES** Olsson's motion for relief on Ground Three.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Olsson's Motion for Leave to File Second Amended §2255 Motion (Doc. # 19); **DENIES AS MOOT** United States' Motion to Lift Stay (Doc. # 16) and **DENIES** Olsson's Amended and Second Amended Motions to Vacate, Set Aside or Correct His Sentence on all grounds. No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of appealability. Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." The Court finds that the issues raised by movant do not meet this criteria.

Date: June 28, 2017　　　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　United States District Judge